633 P.2d 391
**STATE of Arizona, Appellee,**

v.

**Donald Kenneth NELSON, Appellant.**

**No. 5069.**

Supreme Court of Arizona,
En Banc.

July 20, 1981.
Rehearing Denied Sept. 10, 1981.

584

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Jessica Gifford, Asst. Attys. Gen., Phoenix, for appellee.

James Hamilton Kemper, Phoenix, for appellant.

HAYS, Justice.

Appellant, Donald Kenneth Nelson, was found guilty of first degree murder and first degree burglary and was sentenced to serve concurrent terms of life imprisonment on the murder conviction and five years imprisonment on the burglary conviction. We take jurisdiction pursuant to A.R.S. § 13–4031 and affirm.

Appellant's convictions stem from his participation in a liquor store robbery on the evening of November 25, 1978 in which an attendant was fatally shot by Nelson's accomplice, Edward McLoughlin. The shooting was witnessed by Edgar Kuykendall, the victim's co-worker, as he was re-

turning from the rear of the liquor store. A passing motorist, Tim Rogers, and his passenger, Marion Ake, saw McLoughlin running from the store, gun in hand, to an awaiting Japanese-made pickup truck parked in a car-wash bay adjacent to the liquor store. Rogers and Ake followed the truck, took down the license number and returned to the store to give the license number to Kuykendall.

Based upon this information and information supplied by Kuykendall, Scottsdale police officers received continuous radio broadcasts about the robbery suspects. The initial broadcasts reported that two white males were involved in an armed robbery; that one of the suspects had a dark leather coat, and was carrying a pistol and was bareheaded. The vehicle was described as a light colored Toyota- or Datsun-style pickup truck with license number 2NP–837.

These broadcasts were heard by Scottsdale Police Sergeant James Dray who was on patrol approximately three-quarters of a mile south of the liquor store. Within minutes of hearing the broadcast, Sgt. Dray saw a vehicle which fit the description. He turned and began following the vehicle and observed a portion of the license number, 837. After following the truck a short distance, Dray stopped the truck and arrested the occupants, the appellant and McLoughlin. After back-up officers arrived, Dray inspected the truck. The driver's side door had been left open by appellant and from this vantage point Dray saw a dark leather jacket on the seat. After appellant and McLoughlin were taken back to the liquor store for identification, Dray obtained a flashlight and shined it inside the vehicle. When he did this he bent down and shined it on the floor and observed what appeared to be a barrel of a handgun under the passenger seat. The officer did not enter the vehicle nor did he disturb any of the contents. The vehicle was later towed away, impounded and searched pursuant to a warrant. At this time the gun was seized and was later admitted into evidence against the appellant at trial.

Appellant advances five arguments on appeal, four of which are raised in a supplemental brief submitted in propria persona.

First, appellant contends he was denied due process of law because part of the police radio broadcast tape recordings on the night of the crime were destroyed pursuant to routine police procedure. Without this tape, appellant maintains it was impossible to ascertain whether probable cause existed to stop and arrest appellant and McLoughlin. Appellant further argues at length that the destruction of the tape "raises the shrouded spectre" that the Scottsdale police, either alone or in conjunction with the prosecutor, deliberately destroyed or withheld pertinent evidence favorable to appellant.

In deciding whether a defendant has been deprived of a fair trial due to the destruction of evidence, the courts must look to the circumstances of the particular case in reaching a decision. State v. Maloney, 105 Ariz. 348, 464 P.2d 793 (1970). In this regard, a defendant's speculation as to how some evidence might have been exculpatory is not persuasive. State v. Macumber, 119 Ariz. 516, 519, 582 P.2d 162, 165, cert. denied, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978). Further, destruction of evidence by the state does not deprive a defendant of due process unless the state has acted in bad faith or the defendant has been prejudiced by the loss. State v. Schilleman, 125 Ariz. 294, 609 P.2d 564 (1980).

In examining the circumstances of this case, we observe that this crime did not go unnoticed. Kuykendall saw McLoughlin shoot his co-worker behind the cash register. McLoughlin was seen running from the liquor store to the pickup waiting at the car-wash. Descriptions of McLoughlin and the pickup were promptly relayed to the police along with the additional information that two white males were involved. Portions of the tape which were not destroyed reflect that this information was broadcast to police. Testimony of the various police officers involved is in agreement as to the type of information and sequence of the broadcasts received over the police radios.

In light of these facts, we must reject appellant's suggestion that the Scottsdale police or prosecution deliberately withheld or destroyed evidence when the available evidence more than adequately supported a finding of probable cause to arrest. Appellant's argument that additional portions of the tapes would show the police lacked probable cause to arrest is necessarily based upon inventive conjecture and as such does not persuade this court that appellant was deprived of a fair trial. *State v. Macumber, supra,* 119 Ariz. at 520, 582 P.2d at 166.

Second, appellant argues that the trial court erred when it denied appellant's motion to suppress the murder weapon. Appellant advances a two-pronged argument in claiming that the murder weapon was discovered in violation of his rights under the fourth and fourteenth amendments to the United States Constitution. Initially, appellant argues that there was not probable cause for arrest because there was a discrepancy in the license number broadcast over the police radio, 2NP–837, and the actual license number, 2NT–837. Although appellant admits that there was a substantial amount of information regarding the description of the robber and the vehicle, he nonetheless submits that the discrepancy in license plate numbers would cause a reasonable man not to have arrested appellant and McLoughlin.

Probable cause to effect an arrest exists where the arresting officer has reasonably trustworthy information of facts and circumstances which are sufficient to lead a reasonable man to believe an offense is being or has been committed and that the person to be arrested is committing or did commit it. *State v. Griffin,* 117 Ariz. 54, 570 P.2d 1067 (1977). Here, there can be no doubt that Sgt. Dray had probable cause to arrest appellant and McLoughlin. As noted above, the police were quickly supplied with information regarding the pickup and robbery suspects from eyewitnesses. The mere fact that *one letter* of the actual license plate number was different from the broadcast number is insignificant. The only rea-

sonable conclusion Sgt. Dray could have reached after viewing the truck which matched the radio description and had nearly identical license plate numbers was that the occupants were the perpetrators of the crime.

Defendant also contends that the subsequent "search" of the truck was unreasonable because there were no exigent circumstances which justified a warrantless search.

This argument must be rejected. The "search" appellant objects to refers to Sgt. Dray's observation of the barrel of the murder weapon protruding from under the seat. Although Dray's observation of the gun was aided by the use of a flashlight, the discovery of the barrel falls within the "plain view" exception to the search warrant requirement. *State v. Mosley,* 119 Ariz. 393, 581 P.2d 238 (1978); *State v. Cobb,* 115 Ariz. 484, 566 P.2d 285 (1977). Even if the barrel was not in plain view, as appellant argues, it is now clear that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton,* —— U.S. ——, ——, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). Under these circumstances, Dray would have been justified in seizing the gun at this time. However, Dray directed that the truck be secured and hauled to the police impound lot where it was searched pursuant to a warrant. The trial court did not err in denying appellant's motion to suppress.

Next, appellant claims the trial court committed reversible error in permitting various identifications to be used at trial. First, he argues that out-of-court identification procedures were unduly suggestive and tainted any in-court identification. Second, he objects to McLoughlin appearing at appellant's trial in restraints.

After appellant and McLoughlin were placed under arrest, they were returned to the scene approximately eight to ten minutes after the original broadcast

reported the crime. Mr. Kuykendall was unable to identify the appellant, but he did positively identify McLoughlin as the gunman. Because appellant was not identified at this "show-up," he cannot claim prejudicial error. Even assuming appellant had been identified, such "show-up" procedures are not improper if conducted near the time of the crime or at the scene of the crime and the evidence shows that the identification was reliable. *State v. Cozad*, 113 Ariz. 437, 556 P.2d 312 (1976); *State v. Gastelo*, 111 Ariz. 459, 532 P.2d 521 (1975); *State v. Arnold*, 26 Ariz.App. 542, 549 P.2d 1060 (1976).

Appellant further submits that McLoghlin's presence while in restraints prejudiced the jury, arguing that the jury could very easily transpose the restraints onto the appellant. Although this argument is appealing, we need not decide the issue because appellant did not object to this procedure at trial. It is the law in Arizona that, absent fundamental error, lack of timely objection operates as a waiver on appeal. *State v. Mata*, 125 Ariz. 233, 609 P.2d 48, *cert. denied*, 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980); *State v. Brown*, 125 Ariz. 160, 608 P.2d 299 (1980). Although McLoughlin's counsel argued strenuously against his client's being brought into the courtroom for identification purposes,* appellant's counsel requested only that McLoughlin be brought in and taken out of the courtroom quickly and that he did not want McLoughlin seated with or near appellant. These requests were granted by the trial judge. Whatever prejudicial effect McLoughlin's presence may have had on the jury was minimized by these measures; thus, the in-court identification of McLoughlin while in restraints did not constitute fundamental error.

For his fourth argument, appellant contends that the trial court erred by failing to grant his motion for directed verdict. Appellant claims the state made an adequate showing of guilt on the part of McLoughlin but there was no showing of appellant's intent to participate in the robbery and murder of the victim.

Evidence is sufficient to survive a motion for directed verdict of acquittal when reasonable minds may differ whether the evidence establishes guilty knowledge. *State v. Jones*, 125 Ariz. 417, 610 P.2d 51 (1980). Such evidence may be either circumstantial or direct. *State v. Mosley, supra*. In the present case, witnesses at the robbery scene testified that the pickup truck was parked away from the liquor store even though there were parking spaces at the liquor store. Marion Ake stated that the truck took off and "came barreling out of the car wash" after McLoughlin came running out of the liquor store and jumped into the passenger side. Shortly after the crime was committed, a Scottsdale police officer observed appellant and McLoughlin driving past the crime scene "scrunched down" in their seats. Within minutes, Sgt. Dray pulled the truck over and arrested the occupants. Appellant was driving the truck and McLoughlin was the passenger. These facts could lead a reasonable mind to infer that appellant was the driver of the pickup that fled the crime scene and that he was an active participant in the crime. Therefore, the trial court was under no duty to direct a verdict of acquittal and properly denied appellant's motion.

Finally, appellant claims that the closing arguments of the prosecutor were improper and prejudicial. Appellant did not object to any of the remarks made by the prosecutor during the closing argument; thus, any error is waived. *State v. Denny*, 119 Ariz. 131, 579 P.2d 1101 (1978); *State v. Dixon*, 125 Ariz. 442, 610 P.2d 76 (App. 1980). Nevertheless, we have reviewed the entire record as well as the closing argument for fundamental error, and finding none, the judgments of the trial court are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.

---

* McLoughlin and appellant's trials were severed.