714 P.2d 463

**The STATE of Arizona, Appellee,**

**v.**

**Maria Dolores PAYAN, Appellant.**

**No. 2 CA–CR 4038.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 17, 1986.

294

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Law Offices of William J. Risner by Kenneth K. Graham, Tucson, for appellant.

OPINION

FERNANDEZ, Judge.

After a court trial appellant was convicted of unlawful possession of marijuana for sale and unlawful transportation of marijuana. She was sentenced to a probationary period of four years, conditioned on paying a fine and serving ten weekends in the Santa Cruz County jail.

Appellant contends that the trial court erred in denying her motion to suppress because the police officer had insufficient grounds to stop the vehicle she was driving. We disagree and affirm.

The arresting officer, a member of the Arizona Department of Public Safety, while on duty in his patrol vehicle, first observed the appellant's Chevrolet closely following a Ford and proceeding north on Interstate 19 at approximately milepost

17½, north of Nogales, Arizona. The officer clocked the speed of the vehicles at 63 miles per hour on his radar equipment, and he followed both vehicles for over three miles. During that period the appellant's Chevrolet passed the Ford, and the officer observed that the Ford's license plate registration was expired but the Chevrolet's was current. The officer noticed that, when the vehicles went over the Tubac overpass, the Chevrolet "appeared to be riding heavy." He also observed appellant driving and two young children as passengers.

The officer decided to stop the Ford and activated his flashing lights. Both vehicles slowed in response and when the Ford was stopped the appellant quickly accelerated. After the driver of the Ford stopped and showed identification to the officer, he got out and voluntarily opened the trunk which had nothing in it. The officer, without citing the driver of the Ford, returned to his patrol car and pursued the appellant's Chevrolet. After stopping appellant, he smelled marijuana and discovered approximately two hundred pounds of plastic-wrapped bundles in the trunk. The officer testified he had been involved in approximately 500 cases involving contraband and eight to ten cases involving "heat cars." He testified that he had received training with regard to heat cars, a method by which the heat car is used as a decoy by smugglers to distract police while the load vehicle escapes.

Appellant contends that the officer did not have reasonable suspicion to justify his stopping her vehicle, relying on the cases of United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981), and State v. Graciano, 134 Ariz. 35, 653 P.2d 683 (1982). In Cortez, the Supreme Court upheld an investigatory stop in a case involving smuggling of illegal aliens, holding that the totality of the circumstances gave the officers a particularized and objective basis for stopping the vehicle. In contrast, in the Graciano case, our supreme court held an investigatory stop was illegal, finding that the information possessed by the

officer was insufficient to raise a justifiable suspicion of criminal activity.

This case is no *Graciano*. We hold that there was a sufficient basis for the trial court's finding. The radar clocking of the appellant's vehicle indicated a violation of the speed laws of the State of Arizona. That fact, together with the officer's observations that the vehicles were traveling quite closely together, that they exchanged places so that the Ford was nearest the patrol car, that appellant's car appeared to be heavily laden in the trunk area as it passed over bumps in the highway surface, that appellant quickly accelerated after the other vehicle stopped, that the driver of the Ford opened the trunk without being requested to do so, that the incident occurred only 20 miles from the Mexican border in a major drug-smuggling area, as well as the officer's training and experience in "heat car" cases, were all factors in the officer's decision to stop appellant.

We hold that all these factors form the totality of circumstances from which the trial court could find sufficient grounds to justify the stop.

Affirmed.

HOWARD P.J., and HATHAWAY, C.J., concur.