754 P.2d 300

**The STATE of Arizona, Appellant,**

**v.**

**Virginia Navarro LOPEZ, Appellee.**

**No. 2 CA–CR 87–0219.**

Court of Appeals of Arizona,·
Division 2, Department B.

Oct. 15, 1987.

Reconsideration Granted Jan. 12, 1988.

Review Denied June 1, 1988.

Jose Luis Machado, Santa Cruz Co. Atty., Nogales, for appellant.

Law Office of William Redondo, by Patrick C. Hurd, Tucson, for appellee.

## OPINION

FERNANDEZ, Judge.

The sole issue in this case is the propriety of the court's dismissal of the charges against the appellee because the state destroyed evidence which the defense had specifically requested be preserved.

Appellee Virginia Navarro Lopez was arrested on October 17, 1986, and charged with unlawful possession of marijuana for sale and unlawful transportation of marijuana. At approximately 1:30 p.m. on that day, two DPS officers traveling southbound on Interstate 19 north of Nogales observed two northbound vehicles travelling together at the posted speed limit of 55 miles per hour. Because of his knowledge and experience, one of the officers believed that the vehicles, a Mercury and a Cadillac, fit the "heat car" modus operandi, a method by which contraband is smuggled in the lead vehicle and the following car diverts the attention of any law enforcement vehicle by committing traffic violations so that the lead car can proceed undetected. After the officers saw the cars go by, they crossed the median and followed them. At some point the Cadillac allegedly violated a traffic law, and the officers stopped the vehicle and requested the lone occupant to produce his driver's license. The driver then asked the officer if he wanted to inspect the trunk, which the driver opened. It was found to be empty. The driver was released after questioning. The police report does not contain the driver's name, but the name was presumably called into DPS headquarters.

The officers then continued north and located the Mercury. They followed the vehicle for an undetermined period of time. They observed no traffic violations but noticed a crack in the windshield. The officers then stopped the vehicle, and a search of the trunk revealed a load of marijuana. Appellee, the driver of the vehicle, was arrested.

Three days later, on October 20, 1986, defense counsel sent certified letters to the DPS in both Phoenix and Nogales requesting that the radio transmission tapes for the day of the incident not be destroyed since they would be "primary evidence" in appellee's defense. Both letters were received by DPS, as evidenced by return receipts in the record. Several months later, appellee's counsel served a subpoena duces tecum requesting the tapes. It was then learned that the transmission tapes had been destroyed in December 1986 pursuant to departmental policy. After a hearing, the court granted appellee's motion to dismiss with prejudice.

On appeal, the state contends that the court erred in dismissing without any showing that the destroyed evidence was exculpatory, that appellee was prejudiced by the destruction or that the state acted in bad faith.

 Due process requires the state to produce any information favorable to the defendant that is material to the issue of defendant's guilt. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Arizona courts have adopted a three-pronged test to determine whether a defendant's right to due process has been violated by the destruction of evidence. "First, was the evidence material to the question of guilt or the degree of punishment; second, was the defendant prejudiced by its destruction; and, third, was the government acting in good faith when it destroyed the evidence?" *State v. Cruz*, 123 Ariz. 497, 500, 600 P.2d 1129, 1132 (App.1979); see also *State v. Nelson*, 129 Ariz. 582, 633 P.2d 391 (1981); *Scales v. City Court of City of Mesa*, 122 Ariz. 231, 594 P.2d 97 (1979). When the state receives a specific request for such evidence, failure to disclose is seldom, if ever, excusable. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

 It is clear that the crucial issue in this case is whether the officers had reasonable suspicion to stop appellee's vehicle. See *State v. Payan*, 148 Ariz. 293, 714 P.2d 463 (App.1986). The transmission tapes would have revealed the reasons given over

the air by the officers for stopping the vehicles, the time periods involved, and the identities of the vehicles and drivers. It is undisputed that the DPS received the request for the tapes at both its Phoenix and Nogales offices. No reason was given by the state for the destruction of the tapes other than the fact that it was routine procedure to destroy them after 60 days. The state was unable to explain either what had been done with the letters or why no response had been made to appellee's attorney.

█ The choice of appropriate sanctions for violation of discovery rules is a matter wholly left to the sound discretion of the trial court, whose decision will not be reversed absent a clear showing of abuse of discretion. *State v. Lukezic*, 143 Ariz. 60, 691 P.2d 1088 (1984); *State v. Fisher*, 141 Ariz. 227, 686 P.2d 750, cert. denied, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984).

In a case involving a similar factual situation, a Washington court ruled that when there is a "reasonable possibility" that the requested evidence would be favorable and material to the defense, dismissal is a proper sanction for destruction of the evidence. *State v. Boyd*, 29 Wash.App. 584, 590–91, 629 P.2d 930, 934 (1981).

Because sufficient facts exist to support the dismissal here, we find no abuse of discretion by the court.

Affirmed.

LIVERMORE, Presiding Judge, specially concurring.

When the state destroys evidence that a defendant has specifically requested be kept, a sanction must be imposed. Only in that way can courts insure that evidence, exculpatory in character, is not conveniently lost or destroyed. See Livermore, Absent Evidence, 26 Ariz.L.Rev. 27 (1984).

The dissent appears to dispute this analysis on three grounds. First, it is argued that to contend that the tapes were excul-

patory is "inventive conjecture." Ordinarily, I agree that sanctions should not be imposed on so flimsy a basis. But when the state has destroyed evidence with knowledge that a defendant wishes to examine it, it is hardly in a position to criticize as "conjecture" that which it has made impossible to prove.

It is next argued that only by making a request to the prosecutor can the defendant perfect his right to evidence. That might be—or might not be in some circumstances—a more effective way to preserve evidence. It does not, however, seem to me to be a good rule of law that would allow state agencies to destroy evidence that they know has been sought by a defendant unless a prosecutor tells them not to.

Finally, it is argued that the sanction of dismissal is too severe. In most cases, it would be. The most appropriate sanction would be the suppression of the evidence to which the destroyed, possibly exculpatory,[1] evidence would be directed, as in the lost intoxilyzer sample cases. See *Scales v. City Court of the City of Mesa*, 122 Ariz. 231, 594 P.2d 97 (1979). The prosecutor should be allowed, as in those cases, to proceed with other evidence. But, in this case, the whole case stands or falls on the suppression motion. If the marijuana is suppressed because the officers cannot establish probable cause, there is no other evidence on which to proceed. Assuming the appropriate sanction is suppression, there is no difference between that and dismissal on the facts of this case. There was, therefore, no abuse of discretion in the choice of sanction.

ROLL, Judge, dissenting.

The criminal prosecution out of which this appeal arose involves the arrest of appellee and seizure of 356 pounds of marijuana from the vehicle she was operating.

## FACTS

On October 17, 1986, two Department of Public Safety (DPS) officers observed ap-

---

1. Suppose the tapes revealed the following exchange: "Let's stop the car. I have a hunch it's carrying drugs." "I don't think we have proba-

ble cause." "The hell with it. At least we'll get the drugs off the street."

pellee and a second vehicle proceeding in tandem northbound on Interstate 19. As the officers began to follow the two vehicles, they observed the driver of the rear vehicle driving erratically. The officers stopped the rear vehicle, at which time the driver offered to open the trunk of his vehicle for them. The officers looked in the trunk, observed nothing unusual, then proceeded to pursue the lead vehicle. The officers concluded that the rear vehicle may have been a decoy utilized to divert their attention from the lead drug-laden vehicle, a method commonly used by drug smugglers. When the lead vehicle was stopped at milepost 30 on Interstate 19, officers learned that appellee was the driver and subsequently discovered 356 pounds of marijuana in the trunk.

Three days after appellee's arrest, her attorney sent certified letters to DPS in Nogales and in Phoenix, requesting preservation of transmissions between the agents involved in the stop of the two vehicles. On March 25, 1987, counsel for appellee sent a subpoena to DPS directing that a DPS agent appear at his law office with transmission materials for a deposition. Counsel subsequently learned that the recorded transmissions were erased in December of 1986 pursuant to routine policy of DPS. The whereabouts of the two certified letters was never established, although a DPS custodian of records speculated that the respective letters were probably not left "laying around in the mailroom."

## TRIAL COURT RULING

A motion to dismiss was filed based upon the erasure of the recordings. Before a motion to suppress evidence based upon lack of probable cause was entertained, the trial court ordered that the matter be dismissed with prejudice because of the erasure. The trial court stated that common courtesy required that DPS respond to defense counsel's letters and that instructions be furnished as to how to proceed.

## ABSENCE OF ACTUAL PREJUDICE

Although courtesy may have required the Department of Public Safety to tender a response to defense counsel's letter, failure to do so does not warrant dismissal. There is no question but that the tape recording was erased pursuant to DPS policy and not to deprive appellee of critical evidence.

Defendant's argument that the recording would have shown facts contrary to both the police reports furnished to defense counsel and the testimony of the officers is merely "inventive conjecture." *State v. Nelson*, 129 Ariz. 582, 586, 633 P.2d 391, 395 (1981). Actual prejudice must be shown before a sanction is imposed for the loss or destruction of evidence. *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984). It is a departure from precedent to establish a per se ruling that prejudice to the defense will be presumed in every case involving lost or destroyed evidence, regardless of the character and significance of that evidence.

The cases relied upon by appellee nearly all involve the failure of prosecutors to produce evidence or the failure of law enforcement officers to preserve evidence such as semen samples, breath samples, footprints, and recordings of drug transactions which by their nature might completely exculpate the defendant. *See, e.g., Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed. 2d 342 (1976); *Scales v. City of City of Mesa*, 122 Ariz. 231, 594 P.2d 97 (1979); *United States v. Bryant*, 439 F.2d 642, 648 (D.C.Cir.1971); *People v. Nation*, 26 Cal.3d 169, 604 P.2d 1051, 161 Cal.Rptr. 299 (1980). As such, all are readily distinguishable from the instant case.

The concurring opinion observes that the recordings may have contained information important to the defense. That opinion mentions in a footnote:

> Suppose the tapes revealed the following exchange: "Let's stop the car. I have a hunch it's carrying drugs." "I don't think we have probable cause." "The hell with it. At least we'll get the drugs off the street."

However, even this shocking, purely hypothetical scenario would be of minimal sig-

nificance. Repeatedly, we have recognized that the trial court, not the law enforcement officer, makes the final determination as to the existence of probable cause. The trial court is not bound by a law enforcement officer's mistaken conclusion that he or she lacks probable cause to search or arrest. *State v. Turner*, 142 Ariz. 138, 141, 688 P.2d 1030, 1033 (App.1984); *State v. Vaughn*, 12 Ariz.App. 442, 444, 471 P.2d 744, 746 (1970). On the record before us, no prejudice or even materiality of the recording has been shown. In the analogous decision of *United States v. Spencer*, 618 F.2d 605 (9th Cir.1980), the Ninth Circuit Court of Appeals denied the imposition of sanctions against the government despite the failure of an agent to preserve his rough notes, stating:

> The same logic would dictate that all original tapes of conversations would also have to be maintained. The result from a policy standpoint would be the creation of an unwieldy national attic of scrap paper and magnetic tape which would not advance the cause of justice.

*Id.* at 607.

### INADEQUATE REQUEST TO PRESERVE THE EVIDENCE

The sanction of dismissal is particularly inappropriate because no timely request for preservation of the recording was made to the prosecutor or the court. Before it was learned that the recording had been erased, the trial court was asked to impose sanctions against the state because the recording and a log sheet were not produced for defense counsel. Because these requests, including the two certified letters, had been directed to DPS and not the county attorney's office, the trial court stated:

> [T]here is one thing that bothers me. That is, that the request for these materials was not made directly to the State.
>
> \* \* \* \* \* \*
>
> You did not request the State to produce it, and I am wondering how far the Court can go in terms of imposing sanctions when a request is made of an agency not

directly under the control of the County Attorney's Office.

Thereafter, appellee's counsel learned that the recording was erased months earlier.

Although appellee's counsel relies heavily upon *State v. Boyd*, 29 Wash.App. 584, 629 P.2d 930 (1981), that case is readily distinguishable from the matter before us. In *Boyd*, the prosecutor was requested to preserve the recording. Here, no request was ever made to the prosecutor nor was any motion filed with the court requesting preservation of this evidence.

For the above-stated reasons, I believe that dismissal of this action was inappropriate and constitutes an abuse of discretion by the trial court. *State v. Lukezic*, 143 Ariz. 60, 691 P.2d 1088 (1984).