62 P.3d 126 (2003)
204 Ariz. 200
The STATE of Arizona, Appellant,
v.
Fernando GONZALES-PEREZ aka Gilardo Felix-Araujo and Carlos Enrique Ramos, Appellees.
No. 2 CA-CR 2001-0067.
Court of Appeals of Arizona, Division 2, Department B.
December 10, 2002.
Redesignated as Opinion January 30, 2003.
*127 Barbara LaWall, Pima County Attorney By Elizabeth Hurley, Tucson, Attorneys for Appellant.
Law Office of Walter P. Nash III, P.C. By William J. Kirchner, Tucson, Attorneys for Appellee Gonzales-Perez.
Polis & Hartshorne, P.C. By Bertram Polis, Tucson, Attorneys for Appellee Ramos.

OPINION
ESPINOSA, Chief Judge.
¶ 1 Defendants Fernando Gonzales-Perez, aka Gildardo Felix-Araujo, and Carlos Enrique Ramos were each charged with one count of sale of a narcotic drug. Following the state's repeated failures to meet disclosure deadlines, the trial court granted the state's motion to dismiss the indictment but, over the state's objection and its request to withdraw the motion, did so with prejudice as a sanction for the state's delays. The state appeals from that order pursuant to A.R.S. § 13-4032(1). Because the defendants did not demonstrate and the record does not reflect that the defendants were actually prejudiced by the state's delays and discovery violations, we reverse the trial court's order dismissing the indictment and remand for further proceedings.

Background
¶ 2 The defendants were arrested in August 2000 and charged with one count of sale of a narcotic drug following an alleged drug purchase involving multiple police agencies and a confidential informant. Later that month, the state disclosed a few police reports and a list of potential witnesses, including approximately ten law enforcement officers. In September, the defendants requested additional disclosure, specifically police reports from the identified officers and any tape recordings of either the transaction or telephone conversations between the informant and the defendants. The defendants had not received the requested material by the pretrial conference on November 7, and the court ordered the state to complete disclosure by Friday, November 24. On Monday, November 27, the state disclosed additional police reports to the defendants *128 including transcripts of defendants' statements to police officers but omitted any information concerning the informant except his name.[1]
¶ 3 In December, the defendants filed a motion for disclosure concerning the informant and a motion to preclude all evidence disclosed after November 24, including any testimony by the informant. At a hearing in January 2001, the trial court precluded the informant from testifying at trial as a sanction for the state's late disclosure. Shortly thereafter, the state disclosed two tape recordings of telephone conversations and another police report. Then, during a February 1 pretrial interview a few weeks before the trial was scheduled to begin, the defendants and the prosecutor apparently first discovered that a police officer had recorded electronic surveillance of the alleged drug transaction. The defendants immediately filed a motion to preclude this evidence on several grounds, including that the disclosure violated the court's November 24 disclosure deadline. The state responded by filing a motion to dismiss the indictments without prejudice in order for it to "reevaluate the case." See Ariz. R.Crim. P. 16.6(d), 16A A.R.S. Although the trial court's reasoning was not entirely clear at the time of the hearing, it dismissed the prosecution with prejudice. Later, it issued a written order stating, inter alia, "Because the delay, litigation, and expense were needless and unjustifiable, the resulting expense and delay in this case prejudice[d] the defense unreasonably."

Discussion
¶ 4 The state contends dismissal with prejudice was improper because the defendants were not prejudiced, it had not acted in bad faith, and the dismissal was solely punitive absent any showing of actual prejudice to the defense. The state also suggests it should not be held accountable for failing to disclose material possessed by police officers or detectives. We reject that notion at the outset. In the course of investigating crimes, law enforcement officers "operate[ ] as an arm of the prosecutor" for purposes of the disclosure rules. Carpenter v. Superior Court, 176 Ariz. 486, 490, 862 P.2d 246, 250 (App.1993). "The State must disclose not only `information in the possession or control of members of the prosecutor's staff,' but also that within the possession or control `of any other persons who have participated in the investigation or evaluation of the case.'" State v. Meza, 203 Ariz. 50, ¶ 21, 50 P.3d 407, ¶ 21 (App.2002), quoting Ariz. R.Crim. P. 15.1(d).
¶ 5 When confronted with a disclosure violation, a trial court may "impose any sanction which it finds just under the circumstances," Ariz. R.Crim. P. 15.7(a), including dismissal. See State v. Lopez, 156 Ariz. 573, 754 P.2d 300 (App.1987).[2] However, a trial court is constrained from dismissing a prosecution with prejudice "unless the court order finds that the interests of justice require" it to do so. Ariz. R.Crim. P. 16.6(d), 16A A.R.S. It is well settled that Rule 16.6 "favors dismissal without prejudice." State v. Gilbert, 172 Ariz. 402, 404, 837 P.2d 1137, 1139 (App.1991); Quigley v. City Court, 132 Ariz. 35, 643 P.2d 738 (App.1982). "The most important factor to consider in whether a dismissal should be with or without prejudice is whether delay in the prosecution will result in prejudice to the defendant." Gilbert, 172 Ariz. at 404, 837 P.2d at 1139. We review for an abuse of discretion a trial court's decision to dismiss an indictment with prejudice. Id.
¶ 6 In Lopez, the defendant sought to obtain recordings of radio transmissions between officers who had stopped the vehicle he had been driving. After Lopez had requested copies of the transmissions, the Department of Public Safety destroyed its recordings *129 pursuant to a departmental policy. The content of the transmissions could not be determined, and the trial court granted Lopez's motion to dismiss the prosecution with prejudice. This court upheld that ruling as a valid exercise of the trial court's authority to impose disclosure sanctions, finding that a "`reasonable possibility'" existed that the evidence would have been favorable to the defendant and it went to a crucial issue in the case. 156 Ariz. at 575, 754 P.2d at 302, quoting State v. Boyd, 29 Wash.App. 584, 629 P.2d 930, 934 (1981); see also Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (due process requires state to disclose exculpatory evidence material to the question of guilt or punishment). In his concurring opinion in Lopez, Judge Livermore specifically acknowledged that in most cases dismissal with prejudice would be "too severe" and the more appropriate sanction would be suppression of the evidence, but noted that the entire case turned on the validity of the vehicle stop. 156 Ariz. at 575, 754 P.2d at 302.
¶ 7 Other cases upholding a dismissal with prejudice as a discovery sanction are difficult to find in Arizona. Defendant Ramos cites several cases from other jurisdictions, including State v. Clovis, 248 Kan. 313, 807 P.2d 127 (1991), wherein the Kansas Supreme Court upheld the dismissal of two charges in a multicount narcotics indictment because of the state's continued refusal to reveal a confidential informant as ordered by the trial court. After the defendant had requested production of the informant's name and address, the state had suggested, in order to keep confidential the informant's address, that the defendant be allowed only to interview the informant, and the trial court ordered that the informant be contacted only by counsel. Months later, the state refused to disclose any information about the informant and, at another hearing, argued he had only provided probable cause and would not testify at trial. The trial court found the informant's identity probative on several issues relating to search warrants in the case and again ordered the state to make disclosure. Despite that order and several more which followed, the state repeatedly refused to comply. Two days before trial, the court granted a defense motion to dismiss. The Kansas Supreme Court found the dismissal justified by "the prosecutor's continuing disregard of the [trial] court's order to disclose the [informant]," as well as attendant delay infringing on the defendant's speedy trial rights, and specifically noted that no lesser sanction would accomplish the objective of disclosing the informant. 807 P.2d at 138.
¶ 8 In the case at hand, the state's violations are of a different nature altogether than those in Lopez and Clovis. Unlike in Lopez, there is no suggestion here that any evidence has been destroyed, and the fact that the defendants moved to preclude it shows that the evidence was not exculpatory; accordingly, no Brady violation occurred.[3] There is also no evidence, as in Clovis, of willful refusals to comply with the trial court's orders, any speedy trial problems, or that less drastic sanctions were either unavailable or incapable of curing the state's violations. At the January hearing, the trial court expressly found that the prosecution was not at fault for the late disclosure of the informant; it nevertheless imposed a measured sanction of preclusion of the informant as a consequence for "glaring and obvious deficiencies in this case." Likewise, at the February hearing, the court stated: "[T]he police were dragging their feet. And I don't think they were deliberately hiding things... either. But there was a kind of cavalier, dilatory attitude about it, ... creat[ing] an appearance that the police agencies were not operating in good faith...."
¶ 9 In other cases involving disclosure violations by the state, our supreme court has upheld trial courts' refusals to dismiss prosecutions. In State v. Dupuy, 116 Ariz. 151, 568 P.2d 1049 (1977), for example, the court upheld the trial court's refusal to dismiss the charges or grant a mistrial based on the state's failure to timely disclose two witnesses. *130 There, although the state apparently had failed to provide full disclosure about a confidential informant who had testified at a pretrial motion and failed to disclose a police chemist called during the state's case-in-chief, the chemist's report had been disclosed at a preliminary hearing and the informant did not testify at trial. The court noted it would not find an abuse of the trial court's discretion absent a showing of prejudice to the defendant.
¶ 10 In State v. Pickett, 121 Ariz. 142, 589 P.2d 16 (1978), after being permitted to withdraw the guilty plea he had entered pursuant to a plea agreement, the defendant moved for dismissal of multiple rape and assault charges based on the state's untimely disclosure of witnesses a week before trial. The supreme court upheld the trial court's denial of Pickett's motion, agreeing with its determination that the defendant had not been prejudiced by the late disclosure because the identities of the state's witnesses were apparent from the nature of the charges and should not have been a surprise. And even if the defendant had been surprised, he had not requested a continuance.
¶ 11 More recently, Division One of this court in Meza reviewed significant sanctions imposed against the state for numerous disclosure violations resulting in multiple continuances and a two-year delay of trial. After having filed numerous discovery requests for additional information about a breath testing device whose results were used during a first trial, the defense discovered that on several occasions the state's experts had actively concealed and testified untruthfully about exculpatory device calibration tests. The trial court's suppression of the test results, based on the crime lab's "willful nondisclosure," and "attempted destruction of inconvenient evidence," was upheld. 203 Ariz. 50, ¶¶ 29, 27, 50 P.3d 407, ¶¶ 29, 27. The court also upheld the trial court's refusal to dismiss the prosecution, noting the suppression remedy was tailored to curtail the specific abuses and, even "[g]iven the egregious course of conduct" involved, "the ultimate sanction of dismissal with prejudice [was] not required." Id. at ¶ 37.
¶ 12 Here, in its written order dismissing the case with prejudice, the trial court noted the state had "repeatedly procrastinated" and made untimely disclosures on the "eve of trial." The court then stated:
Clearly, the State had reason to be concerned that much of [its] case might be precluded or severely limited as a sanction for the late disclosure. Facing the possibilities, the State chose to move to dismiss without prejudice. This Court could have continued the trial or granted the State's motion to dismiss without prejudice. Either of those courses would merely have rewarded the State's inaction, given the State more time to marshal its resources in a leisurely fashion in preparation for trial, and allowed in effect unlimited time for disclosure to trickle to the defense. A continuance of the trial would have been another possible sanction, but a sanction that would have in effect rewarded the State for its tardiness by removing the timeliness element of the defense objection.
After noting the state's "lack of diligence," the trial court further stated, "The defense is entitled to reasonably prompt disclosure of materials and information necessary to defend the case, without undue expenditure of time and litigation resources in order to obtain what they are clearly entitled to have." The court concluded: "Because the delay, litigation, and expense were needless and unjustifiable, the resulting expense and delay in this case prejudice the defense unreasonably" and having "considered other available sanctions," dismissal with prejudice was in the interests of justice. Inexplicably, however, the court failed to mention or apparently consider one other option that, at least in hindsight, appears glaringly obvious: to simply deny the state's motion and preclude any evidence whose late disclosure would prejudice the defendants, a remedy they had specifically requested. See Lopez. At any rate, we find scant support in the record for the trial court's stated conclusions.
¶ 13 Although the trial court is entitled to considerable deference in imposing disclosure sanctions, Meza, an abuse of discretion may be found when its decision is not supported *131 by the evidence. See State v. Grounds, 128 Ariz. 14, 623 P.2d 803 (1981) (reversing trial court's disclosure ruling not supported by evidence at hearing); cf. State ex rel. Romley v. Gottsfield, 171 Ariz. 195, 829 P.2d 1241 (App.1992) (trial court abused its discretion by disqualifying county attorney's office absent any evidence of actual prejudice to defendant). At the hearing on the state's motion to dismiss, there was little reference to delays and no mention of any expenses or showing of any related harm to the defendants. Indeed, at the time of the hearing, there had only been one continuance of the trial, to which both defendants had stipulated. Although there had been several delays in the state's production of discovery materials, the defendants made no claims of related prejudice or increased costs as a consequence.[4] Rather, defendant Gonzales-Perez focused on the state's dismissal request, arguing:
Clearly this is a tactical advantage and clearly there's prejudice for the reason that if the state would have gone to trial next week in this case, they would have lost. The tactical advantage is they want to try to do everything they can to avoid that.
The prejudice to me is next week if we would have tried this case, we would have had a judgment of acquittal at the close of the state's case....
....
If you allow a prosecuting agency ... to end run their dilatory disclosure practices, their lack of compliance with your order both in spirit and in letter and try to let them simply begin anew with a different judge, then you've really undercut the enforceability of any further order for production, for sanctions, including preclusion, any judge in this court might enter.
Defendant Ramos likewise complained: "So now the state wants to not gather new evidence but undermine your ruling and dismiss this case for further processing I guess is the language of the motion of evidence[sic].... What [the prosecutor is] really saying is he doesn't like the posture of the case now and, therefore, he wants to dismiss and start all over again and ignore all of the prior orders of this Court and all the dictates of Rule 15." Both defendants urged the trial court to dismiss the case with prejudice. The prosecutor then attempted to withdraw his motion, arguing a dismissal with prejudice was not warranted and would be purely punitive. The trial court stated:
[B]ased on the record in this case, the delays that have accrued to the process, the prejudice accruing to the defense by virtue of the late disclosure and nondisclosure and apparent lack of good faith on the part of the state, you're not in a position to bargain about your motion at this point once you know which way the ruling is going to go. It's ordered dismissing the matter with prejudice at this time.
¶ 14 On appeal, as below, the defendants make little more than passing reference to any prejudice directly related to the state's disclosure failings. Rather, the prejudice they assert is that if the state were allowed to seek a second indictment following dismissal, they would be disadvantaged by the introduction not only of the testimony of the confidential informant who was precluded by the trial court, but also of evidence the court had already suppressed. They maintain the state in actuality sought only to gain a "tactical advantage" by circumventing the trial court's rulings and defendant Ramos suggests the state did so in bad faith. At the dismissal hearing, however, even after being specifically requested by the trial court to discuss bad faith, the defendants did not allege it and we cannot say the state's request for a dismissal, even in defendant Gonzales-Perez's words: "to push the reset button," constituted conduct designed to abuse or harass the defendants, or deny them a fair trial. See Gilbert. That the state's case obviously "was in disarray" does not, as suggested by the defendants, establish an improper motive. See id., 172 Ariz. at 405, 837 P.2d at 1140.
*132 ¶ 15 The defendants' attempts to frame the inquiry in this matter as one of improper "tactical advantage" dodges the issue of whether permanent dismissal was warranted because of actual and substantial prejudice to their defenses. Gilbert; cf. State v. Hall, 129 Ariz. 589, 633 P.2d 398 (1981) (due process violation based on preindictment delay requires tactical ploy or harassment and substantial prejudice to the defense), overruled on other grounds, State v. Bass, 198 Ariz. 571, 12 P.3d 796 (2000). The only respect in which the defendants suggested at the dismissal hearing that they might be prejudiced was in preparing for trial because "a day full of [witness] interviews" had been cancelled as a result of the state's motion to dismiss on the "eve of trial." But at that time the trial date was still almost two weeks away. Cf. Pickett (denial of dismissal upheld when state's witnesses were disclosed a week before trial). Generalized grievances will not support a dismissal with prejudice. State v. Granados, 172 Ariz. 405, 837 P.2d 1140 (App. 1991). There was no showing or even a claim that the pretrial interviews could not be accomplished in the remaining time before the trial was scheduled to commence. Cf. State v. Dunlap, 187 Ariz. 441, 450, 930 P.2d 518, 527 (App.1986), quoting United States v. Anagnostou, 974 F.2d 939, 942 (7th Cir.1992) (to show actual prejudice "`defendant must present concrete evidence showing material harm'"). Indeed, much lengthier delays and actual prejudice far more egregious than that alleged here have been found not to require dismissal. See Meza.
¶ 16 While not oblivious to the trial court's frustration with the state's failures to fully comply with rules of procedure and court orders, we conclude that, under the circumstances, the trial court abused its discretion in dismissing the indictments with prejudice as a discovery sanction. Although the court focused on the "delay in this case" as having prejudiced the defense, the defendants made no showing that they were actually prejudiced. We note that Gonzales-Perez had expressly waived his speedy trial right in order to set a January 17 trial date, and both defendants subsequently stipulated to the continuance of the trial from January until February 21. See Ariz. R.Crim. P. 8, 16A A.R.S. Moreover, at the February 9 hearing, the prosecutor withdrew his motion to dismiss the charges and asked to proceed to trial as scheduled. Thus, no significant delays had accrued in the overall course of the case and no further delay would have occurred had the trial court simply denied the motion to dismiss or accepted its withdrawal. The previous delay in failing to disclose information about the informant had already been strongly sanctioned by total preclusion of the informant's testimony. Yet another alternative would have been for the trial court to determine whether any actual prejudice to the defendants would result from the granting of a second trial continuance and to impose a sanction against the state specifically tailored to its violations, such as preclusion of particular evidence and/or a contempt order or even imposition of a monetary penalty. See Meza (upholding assessment of attorney's fees as sanction for state's egregious disclosure violations). "[I]t is error not to `thoroughly consider[ ] other, less severe, sanctions before resorting to the most extreme.'" Id., 203 Ariz. 50, ¶ 37, 50 P.3d 407, ¶ 37, quoting Nesmith v. Superior Court, 164 Ariz. 70, 72, 790 P.2d 768, 770 (App.1990).
¶ 17 Although we do not condone the state's dilatory conduct in this case, we do not believe mere delay and lack of diligence, in the absence of any actual prejudice to the defense or bad faith by the prosecutor, can justify what courts have characterized the "ultimate sanction." Meza, 203 Ariz. 50, ¶ 37, 50 P.3d 407, ¶ 37; see also State v. Schilling, 238 Kan. 593, 712 P.2d 1233, 1239 (1986) ("Dismissal is the most drastic sanction which can be applied."); accord State v. Youngblood, 173 Ariz. 502, 844 P.2d 1152 (1993); Nesmith. Measured against our precedents and the options and sanctions otherwise available to the trial court by which it could have alleviated the defendants' concerns while maintaining effective consequences to the state, we conclude the sanction of dismissal with prejudice for the state's untimely disclosures was an abuse of the trial court's discretion.
*133 ¶ 18 Citing Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), defendant Gonzales-Perez alternatively argues that the trial court's dismissal order should be upheld as a valid exercise of its inherent power to manage its calendar. We do not disagree with the general proposition that courts have inherent power to manage their case loads and the conduct of parties appearing before them. See Precision Components, Inc. v. Harrison, Harper, Christian & Dichter, P.C., 179 Ariz. 552, 880 P.2d 1098 (App.1993). The sanctions in Chambers and Precision Components, however, were fee-based, unlike the dismissal sanction at issue here. More importantly, although Arizona's courts have the inherent power to regulate the conduct of parties and attorneys appearing before them, see Precision Components, that power cannot override applicable rules of procedure and case law governing dismissals. See State v. Hannah, 118 Ariz. 610, 578 P.2d 1039 (App.1978) (while trial court has inherent power to dismiss prosecution on its own motion, that power does not include authority to dismiss with prejudice except in accord with Rule 16.6(d)); see also Societe Internationale Pour Participations Industrielles Et Commerciales, S.A., v. Rogers, 357 U.S. 197, 207, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255, 1264 (1958) (trial court's inherent power to dismiss complaint for discovery violation may not be exercised in manner inconsistent with rule "address[ing] itself with particularity to the consequences of a failure to make discovery"). Because Rule 16.6 applies here, the trial court's ruling cannot be justified as an exercise of inherent power.
¶ 19 Finally, to the extent any of the parties urge us to interpret the effect of the trial court's unappealed pretrial orders, we are essentially asked to issue an advisory opinion. This we will not do. See Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Arizona, 143 Ariz. 547, 694 P.2d 835 (App. 1985).

Disposition
¶ 20 We reverse the trial court's order dismissing the indictment and remand for further proceedings consistent with this decision.
CONCURRING: WILLIAM E. DRUKE, Presiding Judge and JOSEPH W. HOWARD, Judge.
NOTES
[1] See Ariz. R.Crim. P. 15.1(a)(1), 16A A.R.S. (requiring disclosure of the name and address of each witness to be called at trial); Ariz. R.Crim. P. 15.1(a)(7) (witnesses' criminal background); Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (immunity arrangements); State v. Holsinger, 115 Ariz. 271, 564 P.2d 1238 (1977) (same).
[2] Rule 15, Ariz. R.Crim. P., was amended by the Arizona Supreme Court on May 31, 2002, and became effective December 1, 2002. Amended Rule 15.7(2) specifically permits dismissal with or without prejudice as a disclosure sanction.
[3] Although defendant Gonzales-Perez asserts the state failed to disclose information about the confidential informant and argues the type of information sought "clearly tend[s] to be exculpatory," the trial court had precluded the informant on the defendants' motions more than one month before the dismissal hearing, and he did not advance this argument at the hearing.
[4] We note that this court has previously held that the financial burdens of litigation do not constitute a justification for dismissal with prejudice. See State ex rel. DeConcini v. Superior Court, 25 Ariz.App. 173, 541 P.2d 964 (1975).