NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER ANTHONY JARVIS, *Appellant.*

No. 1 CA-CR 19-0504
FILED 1-7-2021

Appeal from the Superior Court in Yavapai County
No.  P1300CR201800421
The Honorable Thomas K. Kelly, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

_____

**P E R K I N S**, Judge:

¶1 Christopher Anthony Jarvis appeals from his conviction and sentence for one count of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs. Jarvis argues his due process rights were violated by the State's failure to preserve an audio/video recording from the State's booking facility. Jarvis contends this recording contains proof of the State's violation of his right to counsel. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 We view the facts in the light most favorable to sustaining the jury verdict, which requires us to resolve all reasonable inferences against Jarvis. *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007). In April 2012, Officer Winn initiated a traffic stop after hearing squealing tires and seeing a vehicle "[take] off at a high rate of speed." Officer Winn, who identified Jarvis after locating his ID, reported smelling a strong odor of alcohol. Officer Winn arrested Jarvis and then took him to a small holding area at the Chino Valley Police Department.

¶3 Jarvis performed two field sobriety tests before being informed of his *Miranda* rights. Jarvis invoked his right to counsel after being *Mirandized*. Officer Winn then read Jarvis an informed consent affidavit, explaining what would happen to his driving privileges should he refuse to comply with blood or breath tests. Again, Jarvis invoked his right to counsel. Officer Winn's report mentioned both references to wanting to speak with counsel, but the report does not specify whether Jarvis contacted or attempted to contact an attorney.

¶4 Jarvis initially refused the tests, prompting Officer Winn to obtain a search warrant for Jarvis's blood and breath. Officer Hyslip, a qualified phlebotomist, drew Jarvis's blood, which yielded a blood alcohol content of .121%. Jarvis gave two breath samples, both with blood alcohol contents of 0.109%.

¶5            The original prosecutor assigned to Jarvis's case decided not to prosecute, apparently concerned the State may have violated Jarvis's right to counsel. Jarvis's attorney sent a letter requesting the State preserve evidence related to Jarvis's case. In October 2017, police arrested Jarvis for an unrelated incident and charged him with four counts of aggravated driving under the influence. A different prosecutor decided to revisit Jarvis's April 2012 incident. The prosecutor presented evidence to a Yavapai County Grand Jury, which indicted Jarvis on two counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs, class four felonies. The grand jury also indicted Jarvis on one count of criminal impersonation, a class six felony.

¶6            Jarvis filed a motion to dismiss in May 2018, claiming the State failed to provide him a speedy trial. The superior court scheduled an evidentiary hearing and ordered Jarvis to file another motion to dismiss based on the alleged violation of right to counsel. In his second motion to dismiss, Jarvis claimed that after invoking his right to counsel, the officers did not give him an opportunity to call an attorney. He further argued the State violated his due process rights by failing to preserve any audio or video recordings from his arrest.  Jarvis filed a third motion to dismiss alleging prosecutorial misconduct.

¶7            The superior court held a two-day evidentiary hearing on the motions to dismiss. Officer Winn testified that for each DUI case she investigates, defendants are provided a telephone, telephone book, and privacy. She also stated Jarvis was given an opportunity to call an attorney during a two-hour window between the reading of the implied consent affidavit and the issuance of the warrant. Officer Hyslip also recalled Jarvis making a telephone call. Jarvis testified during the hearing's second day. He said the police gave him a cell phone after requesting to speak to his wife, but the police would not allow him to contact an attorney.

¶8            The superior court ultimately denied all of Jarvis's motions to dismiss. The court found the State's delay in prosecuting Jarvis may have been "inadvertent and negligent, but not intentional." The court also found "no evidence that the audio or videotape in this case, if one exists, is exculpatory."

¶9            The superior court held a jury trial in May 2019, and the jury convicted Jarvis of aggravated driving under the influence but found him not guilty as to the criminal impersonation charge. The jury did not return a verdict on count one, which the State later dismissed. Jarvis was sentenced to four months with the Arizona Department of Corrections, with one day

of pre-incarceration credit and five years of supervised probation to follow. Jarvis timely appeals and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 13-4031 and -4033(A).

## DISCUSSION

**¶10**　　　Jarvis argues the State violated his due process rights by failing to preserve the booking video. Specifically, he contends the video would have shown the State failed to heed his invocation of counsel. Jarvis seems to argue the superior court abused its discretion by denying his motion to dismiss on the alleged right to counsel violation.

**¶11**　　　We review the superior court's ruling on Jarvis's motion to dismiss for an abuse of discretion. *See State v. Moody*, 208 Ariz. 424, 448, ¶ 75 (2004). But we review alleged constitutional violations *de novo. State v. Glassel*, 211 Ariz. 33, 53, ¶ 78 (2005). "Due process requires the [S]tate to produce any information favorable to the defendant that is material to the issue of defendant's guilt." *State v. Lopez*, 156 Ariz. 573, 574 (App. 1987) (citing *Brady v. Maryland*, 373 U.S. 83 (1963)). The critical distinction is whether the booking video contains "material exculpatory" evidence or "potentially useful" evidence. *See State v. Speer*, 221 Ariz. 449, 457, ¶ 37 (2009) (quoting *Illinois v. Fisher*, 540 U.S. 544, 549 (2004)). The mere possibility that destroyed evidence could have exculpated a defendant is insufficient to establish a due process violation. *State v. O'Dell*, 202 Ariz. 453, 458, ¶ 13 (App. 2002).

**¶12**　　　Jarvis has not established that the booking video contains evidence that would exculpate him. Instead, he asserts the booking video would have contained the best evidence showing whether the State actually afforded him an opportunity to speak with counsel. Thus, the video might inform the court whether it should suppress any evidence; it could not show whether Jarvis was guilty. At most, the booking video presents potentially useful evidence.

**¶13**　　　But "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Jarvis argues the State acted with bad faith by waiting until after the booking video's destruction to prosecute him. And Jarvis highlights his attorney's specific request for the State to preserve any evidence. We agree with the superior court. The State acted negligently in its failure to preserve the recordings, but the record does not contain evidence that the State's negligence involved bad faith.

¶14        In any event, the superior court provided the jury with a *Willits* instruction. *See State v. Willits*, 96 Ariz. 184 (1964). The court instructed the jury that if it found that the State "lost, destroyed, or failed to preserve evidence" relevant to the case, then the jury could draw inferences unfavorable to the State. We presume the jury follows the court's instructions. *State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006). Thus, Jarvis received more than the process due when the superior court gave the *Willits* instruction. *See Youngblood*, 173 Ariz. at 507.

¶15        Jarvis also contends the destruction of the original, executed warrant violated his due process rights. He claims to be prejudiced by an inability to examine whether it was properly supported by an affidavit. But Jarvis retained a copy of both the warrant and affidavit and both are part of the record on appeal. We therefore find no prejudice. The superior court did not abuse its discretion in denying any of Jarvis's dismissal motions and we find no due process violations.

## CONCLUSION

¶16        We affirm Jarvis's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:    AA