81 P.3d 330

**STATE of Arizona, Appellee,**

v.

**Valentin Acosta ONTIVEROS, Appellant.**

**No. 1 CA–CR 02–0808.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 18, 2003.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Karla Hotis Delord, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By James R. Rummage, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

GEMMILL, Judge.

¶ 1 Valentin Acosta Ontiveros appeals his conviction for attempted second-degree murder. Because we find instructional error, we reverse and remand for further proceedings. A person may not be convicted of attempted second-degree murder unless it is proven that he intends or knows that his conduct will cause death.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 For reasons we need not detail, Ontiveros confronted the victim outside a homeless shelter. Ontiveros shot the victim in the lower left side of the jaw, just under his lip. The wound was life-threatening. The victim believed Ontiveros was trying to kill him.

¶ 3 Ontiveros admitted to police that he shot the victim. He further admitted that the gun recovered by the police was his and that he had used it to shoot the victim. He denied, however, that he had shot the victim in the face or head. The detective who interviewed Ontiveros expressed the opinion that Ontiveros may have truly believed he did not shoot the victim in the face or head. At trial, defense counsel argued that Ontiveros did not possess a weapon and did not shoot the victim.

¶ 4 Ontiveros was convicted of attempted second-degree murder. He raises no issue regarding the sufficiency of the evidence to support the conviction. His sole argument on appeal is that the trial court erroneously instructed the jury regarding the offense of attempted second-degree murder.

### THE ATTEMPTED SECOND–DEGREE MURDER JURY INSTRUCTION

¶ 5 The jury was instructed regarding attempted second-degree murder as follows:

The crime of attempted second degree murder requires proof of the following:

1. The defendant intentionally committed an act; and

2. The act was a step in a course of conduct which the defendant planned or believed would cause the death *or serious physical injury* of another person.

(Emphasis added.)

¶ 6 Ontiveros contends that the offense of attempted second-degree murder requires an intent to kill but this instruction allowed a conviction even if he did not intend to kill or knowingly cause the victim's death. The State disagrees, arguing that the instruction accurately set forth Arizona law regarding attempted second-degree murder.

¶ 7 Evaluation of this jury instruction requires analysis of the Arizona statutes defining the offenses of second-degree murder and attempt. The applicable subsection of the second-degree murder statute provides:

A. A person commits second degree murder if without premeditation:

. . .

2. Knowing that his conduct will cause death *or serious physical injury,* such person *causes the death* of another person . . .

Ariz.Rev.Stat. ("A.R.S.") § 13–1104(A)(2) (2001) (emphasis added). Under this statutory language, a person can commit second-degree murder without intending to kill and without knowing that his conduct will cause death if he knows that his conduct will cause "serious physical injury" *and his conduct actually causes death.* The offense of second-degree murder, to be completed, requires the result of death. But if death does not occur, has a person committed attempted second-degree murder if he knew only that his conduct would cause "serious physical injury" and did not intend or know that his conduct would cause death?

¶ 8 This presents an issue of statutory interpretation that we review independently. *See State v. Siner,* 205 Ariz. 301, 303, ¶ 8, 69 P.3d 1022, 1024 (App.2003). Our goal in statutory interpretation is to discern and implement the intent of the legislature. *See Abbott v. City of Tempe,* 129 Ariz. 273, 275, 630 P.2d 569, 571 (App.1981). We look first to the language of the statute as "the best and most reliable index of a statute's meaning." *State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993) (quoting *Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)). We assume that the legislature has given words their natural and obvious meanings unless otherwise stated. *See* A.R.S. § 1–213 (2002) ("Words and phrases shall be construed according to the common and approved use of the language.").

¶ 9 Applying these principles, we resolve the issue presented in this appeal by harmonizing the statutes defining the offenses of second-degree murder and attempt. The language of the applicable subsection of our attempt statute provides:

A. A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person:

. . .

2. Intentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct *planned to culminate in commission of an offense* . . . .

A.R.S. § 13–1001(A)(2) (2001) (emphasis added). Under this subsection, the offense of attempt requires an act that is a step in a course of conduct "planned to culminate" in the attempted offense. As applied to attempted second-degree murder, this statutory language requires that a defendant embark on a course of conduct that is "planned to culminate" in the death of another person. *See* A.R.S. § 13–1104(A)(2) ("causes the death of another person").

¶ 10 Because the completed offense of second-degree murder requires the result of death, it is not enough for attempted second-degree murder that a person knows that his conduct will cause "serious physical injury." A person who does not intend or know that his conduct will cause death cannot be said to have taken action "planned to culminate" in death. Attempted second-degree murder under §§ 13–1001(A)(2) and –1104(A)(2) therefore requires either the intention or the knowledge that one's conduct will cause the death of the victim.[1]

¶ 11 The jury instruction in this case, however, allowed the jury to convict Ontiveros if he took an intentional step in a course of conduct that he "planned or believed would cause the death *or serious physical injury"* of another person. (Emphasis added.) This instruction misstated the law by authorizing the jury to find Ontiveros guilty even if he knew only that his conduct would cause serious physical injury and did not intend or know that his conduct would cause death.

¶ 12 Although we base our decision primarily on the language of §§ 13–1001(A)(2) and –1104(A)(2), prior Arizona cases provide additional support. In *State v. Adams,* 155 Ariz. 117, 745 P.2d 175 (App.1987), this court held that attempted reckless manslaughter and

---

1. The offense of attempted second-degree murder under §§ 13–1001(A)(2) and –1104(A)(2) does not, contrary to Ontiveros's argument, require an intent to cause death. The culpable mental state of knowingly causing the death of another is sufficient under § 13–1104(A)(2). *Cf. State v.*

*Nunez,* 159 Ariz. 594, 769 P.2d 1040 (App.1989) (holding that attempted first-degree murder may be committed knowingly or intentionally). The requirement of acting knowingly, however, is satisfied if the person acts intentionally. A.R.S. § 13–202(C) (2001).

attempted negligent homicide are not cognizable offenses in Arizona. The court reasoned that the word "planned" in the same subsection of our attempt statute "clearly anticipates an intentional act or step by a defendant which is 'planned,' that is, designed or intended to culminate or end in the commission" of the offense. *Id.* at 120, 745 P.2d at 178. The court also agreed with the reasoning of cases from other jurisdictions that there is "no such criminal offense as an attempt to achieve an unintended result." *Id.*

¶ 13 More recently, this court in *State v. Curry,* 187 Ariz. 623, 627, 931 P.2d 1133, 1137 (App.1996), reiterated the principle that "in order to commit an 'attempt' a defendant must have an intent to perform acts *and* to achieve a result which, if accomplished, would constitute the crime." The court in *Curry* held that in Arizona "there is no offense of attempted reckless second degree murder." *Id.*

¶ 14 Just as there is no offense of attempted second-degree murder based on reckless conduct, we also hold that there is no offense of attempted second-degree murder based on knowing merely that one's conduct will cause serious physical injury. The offense of attempted second-degree murder requires proof that the defendant intended or knew that his conduct would cause death.

¶ 15 Our conclusion is consistent with the decisions of most state courts that have considered this issue. *See State v. Earp,* 319 Md. 156, 571 A.2d 1227, 1231–32 (1990) (compiling cases supporting majority position and holding that "where an attempted murder is charged, the State must show a specific intent to kill—an intent to commit grievous bodily harm will not suffice"). Similarly, one acknowledged authority in criminal law has written:

> Some crimes, such as murder, are defined in terms of acts causing a particular result plus some mental state which need not be an intent to bring about that result. Thus, if *A, B, C* and *D* have each taken the life of another, *A* acting with intent to kill, *B* with an intent to do serious bodily injury, *C* with a reckless disregard of human life, and *D* in the course of a dangerous felony,

all [ ] are guilty of murder because the crime of murder is defined in such a way that any one of these mental states will suffice.... However, if the victims do not die from their injuries, then only A is guilty of attempted murder; *on a charge of attempted murder it is not sufficient to show that the defendant intended to do serious bodily harm,* that he acted in reckless disregard for human life, or that he was committing a dangerous felony. Again, this is because intent is needed for the crime of attempt, so that attempted murder requires an intent to bring about that result described by the crime of murder (i.e., the death of another).

Wayne R. LaFave, *Principles of Criminal Law* § 10.3, at 439 (2003) (emphasis added).

## FUNDAMENTAL ERROR ANALYSIS

¶ 16 Because Ontiveros did not object to the instruction given to the jury by the court, we review only for fundamental error. *See State v. Schrock,* 149 Ariz. 433, 440, 719 P.2d 1049, 1056 (1986). The State argues that giving the instruction was not fundamental error because there is substantial evidence to support a conviction for attempted intentional or knowing second-degree murder. We agree that the act of shooting another person may support an inference that the act was committed with intent or knowledge. We also agree that there is substantial evidence in this record to support such a conviction for attempted second-degree murder. But our inquiry does not end with these conclusions.

¶ 17 Our concern focuses on the potential that Ontiveros may have been convicted on a non-existent theory of liability. To instruct a jury on a non-existent theory of liability is fundamental error. *State v. Rutledge,* 197 Ariz. 389, 392, ¶ 12 n. 7, 4 P.3d 444, 447 (App.2000); *Curry,* 187 Ariz. at 627–28, 931 P.2d at 1137–38.

¶ 18 Although Ontiveros maintained at trial that he did not have a weapon and did not shoot the victim, the jury heard testimony from an investigating officer that Ontiveros admitted shooting the victim but denied shooting him in the head or face. And the

officer testified that Ontiveros may have believed that he did not shoot the victim in the head or face. It is possible, therefore, that the jury may have concluded that Ontiveros only intended or knew that his conduct would harm the victim, rather than kill him.[2]

¶ 19 The closing argument of the State did not help to alleviate the error in the instruction. The State argued repeatedly that Ontiveros intentionally fired the gun with the purpose or intent of causing serious physical injury *or* death. In its rebuttal closing, the State specifically argued that Ontiveros shot the victim with the intent to cause serious physical injury. If the jury concluded that Ontiveros intended or knew that his conduct would merely cause serious physical injury rather than death, then he did not plan to achieve a result which, if accomplished, would constitute the offense of second-degree murder. Because Ontiveros may have been convicted for a non-existent offense of attempted second-degree murder based on knowing merely that one's conduct will cause serious physical injury, the giving of the instruction was reversible error.[3] Ontiveros's conviction must therefore be reversed.

## CONCLUSION

¶ 20 We reverse Ontiveros's conviction and remand for a new trial. Because of this disposition, we do not reach the sentencing issue raised by Ontiveros.

CONCURRING: G. MURRAY SNOW, Presiding Judge and DONN KESSLER, Judge.

---

**2.** Although the intent to do an act may be inferred from the circumstances of the doing of the act itself, *State v. Rodriguez*, 114 Ariz. 331, 333, 560 P.2d 1238, 1240 (1977), we may not presume that Ontiveros intended the ordinary consequences of his act. *See Sandstrom v. Montana*, 442 U.S. 510, 522–23, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (holding that jury instruction stating "the law presumes that a person intends the ordinary consequences of his voluntary acts" violates due process).

**3.** *See also State v. Amaya–Ruiz*, 166 Ariz. 152, 173, 800 P.2d 1260, 1281 (1990) (Concluding that an "erroneous jury instruction was not harmless error because it lessened the state's burden to prove every element of the offense," the court reversed a manslaughter conviction because the jury instruction may have allowed defendant to be convicted without proof beyond a reasonable doubt of the requisite culpable mental state.).