189 P.3d 1107

**STATE of Arizona, Appellee,**

v.

**Jamal Deshuan MOORE, Appellant.**

**No. 1 CA–CR 07–0475.**

Court of Appeals of Arizona,
Division 1, Department S.

June 24, 2008.

Terry Goddard, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Jessica L. Quickle, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Michael J. Dew, Attorney at Law by Michael J. Dew, Phoenix, Attorneys for Appellant.

GEMMILL, Chief Judge.

¶ 1 Defendant Jamal Deshuan Moore was convicted of first-degree felony murder and attempted first-degree felony murder. On appeal, he challenges only his conviction for attempted felony murder, arguing that there is no such offense under Arizona law. We agree that attempted felony murder is not a cognizable offense in Arizona, and we therefore vacate Moore's conviction and sentence for this non-existent offense.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 In December 2001, Moore and cohort Quran S. went to the home of Christopher P. for a prearranged drug transaction. In an adjacent storage shed, the parties agreed upon a sale of ten pounds of marijuana for the price of $500 per pound. Moore attempted to renegotiate the price, but to no avail. Before the transaction was completed, Moore left, stating he needed to go back to his car. When Moore returned, he kicked the door

open and began yelling and shooting. Christopher's father, Frank P., entered the shed and witnessed his son lying injured under a desk, with Moore and Quran standing nearby. Frank became enraged at the sight of his son, grabbed a wooden cane, and began beating one of the two men until the cane broke. The other man—armed with a shotgun—shot Frank, hitting him in the hand.[1] Frank survived, but his son died from a single gunshot wound to his head.

¶ 3 In March 2007, Moore was convicted of felony murder regarding Christopher P., count 1, and attempted felony murder regarding Frank P., count 2. Moore was sentenced to life imprisonment with the possibility of release after 25 years on count 1 and a consecutive term of 10.5 years' imprisonment on count 2.

¶ 4 Moore filed a timely notice of appeal, and we have jurisdiction pursuant to Arizona Constitution Article VI, section 9 and Arizona Revised Statutes ("A.R.S.") section 12–120.21(A)(1) (2003) and § 13–4032(5) (2001).

## ANALYSIS

¶ 5 This appeal presents an issue of statutory interpretation that we review de novo. *State v. Ontiveros,* 206 Ariz. 539, 541, ¶ 8, 81 P.3d 330, 332 (App.2003); *State v. Siner,* 205 Ariz. 301, 303, ¶ 8, 69 P.3d 1022, 1024 (App. 2003). Our goal in interpreting statutes is to ascertain and give effect to legislative intent. *Maycock v. Asilomar Dev., Inc.,* 207 Ariz. 495, 500, ¶ 24, 88 P.3d 565, 570 (App.2004); *Ontiveros,* 206 Ariz. at 541, ¶ 8, 81 P.3d at 332. We look first to the language of the statute as the best and most reliable indicator of the statute's meaning. *Maycock,* 207 Ariz. at 500, ¶ 24, 88 P.3d at 570. We assume the legislature has given words their natural and obvious meanings unless otherwise stated. A.R.S. § 1–213 (2002) ("Words and phrases shall be construed according to the common and approved use of the language.").

¶ 6 Moore argues that "[a]ttempted felony murder is not recognized in this State." In response, the State concedes that attempted felony murder is not a recognized criminal offense in Arizona.

¶ 7 This court has, in two previous cases, referred to the proposition that attempted felony murder is not a cognizable crime in Arizona. *State v. Marchesano,* 162 Ariz. 308, 313, 783 P.2d 247, 252 (App.1989) (stating that defendant "points out" that attempted felony murder is not a crime in Arizona), *disapproved on other grounds by State v. Phillips,* 202 Ariz. 427, 436, n. 4, ¶ 41, 46 P.3d 1048, 1057 (2002); *State v. Rutledge,* 197 Ariz. 389, 391, n. 6, ¶ 9, 4 P.3d 444, 446 (App.2000) (citing *Marchesano* and stating, in dicta, that "attempted felony murder is not a cognizable crime in Arizona"). In neither case, however, did this court expressly analyze whether attempted felony murder is a cognizable crime in Arizona. For the following reasons, we hold that it is not.

¶ 8 Our felony murder statute provides, in pertinent part:

A. A person commits first degree murder if:

. . .

2. Acting either alone or with one or more other persons the person commits or attempts to commit [certain enumerated felonies] and in the course of and in furtherance of the offense or immediate flight from the offense, the person or another person causes the death of any person.

B. Homicide, as prescribed in subsection A, paragraph 2 of this section, requires no specific mental state other than what is required for the commission of any of the enumerated felonies.

A.R.S. § 13–1105(A)(2), (B) (2007).[2] The mens rea requirement of felony murder under § 13–1105(A)(2) "is supplied by the culpable mental state required for the underlying felony." *State v. Cabanas–Salgado,* 208 Ariz. 195, 197, ¶ 12, 92 P.3d 421, 423 (App. 2003); A.R.S. § 13–1105(B).

---

1. It is not entirely clear from the record whether Moore or Quran shot Frank. Our legal analysis is not affected by this uncertainty.

2. We cite the current version of the statute because no revisions material to this decision have occurred.

¶ 9 Our attempt statute, however, requires that a defendant have the intent to perform acts and to achieve a result which, if accomplished, would constitute the crime. A.R.S. § 13–1001 (defining the offense of attempt); *see also State v. Kiles,* 175 Ariz. 358, 370, 857 P.2d 1212, 1224 (1993) ("[A]ttempt is a specific intent crime and by definition involves *intentional* conduct."); *State v. Curry,* 187 Ariz. 623, 627, 931 P.2d 1133, 1137 (App. 1996) ("[I] n order to commit an 'attempt' a defendant must have an intent to perform acts *and* to achieve a result which, if accomplished, would constitute the crime."); *State v. Miller,* 123 Ariz. 491, 493, 600 P.2d 1123, 1125 (App.1979) ("In order to sustain a conviction for attempt there must be proof of a specific intent on the defendant's part to commit the substantive crime.").

¶ 10 We are not persuaded that the Arizona Legislature intended to create an offense of attempted felony murder for several reasons. First, without the death of the victim, the doctrine of felony murder has no application. A.R.S. § 13–1105(A)(2) (requiring that "the death of any person" must occur while the defendant is committing or attempting to commit one of the enumerated felonies); *see also People v. Patterson,* 209 Cal.App.3d 610, 257 Cal.Rptr. 407, 409 (1989) (holding that before the felony murder rule applies, there must be a "killing") (citations omitted); *Head v. State,* 443 N.E.2d 44, 50 (Ind.1982) ("[A]bsent death the applicability of the felony-murder rule is never triggered."); *State v. Robinson,* 256 Kan. 133, 883 P.2d 764, 767 (1994) ("The application of the felony-murder doctrine in Kansas always has depended on the existence of an actual homicide.").

¶ 11 Additionally, the concept of attempted felony murder presents a logical absurdity. Felony murder differs from murder under A.R.S. § 13–1105(A)(1) because the defendant may be found guilty of felony murder even when the killing is unintended. Felony murder under A.R.S. § 13–1105(A)(2) "focuses on the result of criminal conduct rather than on an offender's state of mind." *State v. McLoughlin,* 139 Ariz. 481, 485, 679 P.2d 504, 508 (1984). There is no specific requirement of a culpable mental state regarding the homicide; rather, the requisite mental state is supplied by law from the accompanying felony. A.R.S. § 13–1105(B) (providing that felony murder "requires no specific mental state other than what is required for the commission of any of the enumerated felonies"); *McLoughlin,* 139 Ariz. at 485–86, 679 P.2d at 508–09 ("[T]he *mens rea* necessary to satisfy the premeditation element of first-degree murder is supplied by the specific intent required for the felony."). As a result of this fictional transfer, the homicide is deemed in the eyes of the law to have been committed with the traditionally required malice or mental state.

¶ 12 When attempt is attached to felony murder, however, the doctrine becomes nonsensical. Attempt requires intent to commit the target offense. A.R.S. § 13–1001. Therefore, if attempted felony murder were cognizable in Arizona, a defendant would need the specific intent to commit an intended felony that results in an unintended homicide. This is, of course, the *reductio ad absurdum,* as there can be no criminal offense that requires an attempt to accomplish an unintended result. *See State v. Galan,* 134 Ariz. 590, 593, 658 P.2d 243, 246 (App. 1982) (" '[T]here is no such criminal offense as an attempt to achieve an unintended result.' ") (quoting *People v. Harris,* 72 Ill.2d 16, 17 Ill.Dec. 838, 377 N.E.2d 28, 31 (1978)); *State v. Adams,* 155 Ariz. 117, 120, 745 P.2d 175, 178 (App.1987) (similar).

¶ 13 Prior Arizona cases addressing related issues provide additional support for our conclusion. In *Ontiveros,* we held that there is no such offense as attempted second-degree murder in Arizona based solely "on knowing merely that one's conduct will cause serious physical injury." 206 Ariz. at 542, ¶ 14, 81 P.3d at 332. In that case, we stated that "[a] person who does not intend or know that his conduct will cause death cannot be said to have taken action 'planned to culminate' in death." *Id.* at ¶ 10. We have reached similar conclusions in addressing attempted reckless second-degree murder, attempted reckless manslaughter, and attempted negligent homicide. *State v. Curry,* 187 Ariz. 623, 627, 931 P.2d 1133, 1137 (App.1996) (holding that "there is no offense of attempt-

ed reckless second degree murder"); *Adams*, 155 Ariz. at 120, 745 P.2d at 178 (holding that attempted reckless manslaughter and attempted negligent homicide are not cognizable offenses in Arizona).

¶ 14 Finally, the overwhelming majority of state courts that have addressed whether attempted felony murder is a cognizable crime have reached the same conclusion. *See Patterson*, 257 Cal.Rptr. at 409; *State v. Gray*, 654 So.2d 552 (Fla.1995); *State v. Pratt*, 125 Idaho 546, 873 P.2d 800, 812 (1993) ("Attempted felony murder is not a crime in Idaho. Instead, there is either the crime of murder, or the crime of attempt to commit a crime, in which case the state bears the burden of proving that the defendant *intended* to commit the crime."); *People v. Viser*, 62 Ill.2d 568, 343 N.E.2d 903, 910 (1975) ("[T]he offense of attempt requires an 'intent to commit a specific offense', while the distinctive characteristic of felony murder is that it does not involve an intention to kill. There is no such criminal offense as an attempt to achieve an unintended result.") (citation omitted); *Head*, 443 N.E.2d at 50; *Robinson*, 883 P.2d at 767; *Bruce v. State*, 317 Md. 642, 566 A.2d 103, 105 (1989) ("Because a conviction for felony murder requires no specific intent to kill, it follows that because a criminal attempt is a specific intent crime, attempted felony murder is not a crime in Maryland."); *State v. Dahlstrom*, 276 Minn. 301, 150 N.W.2d 53 (1967); *State v. Darby*, 200 N.J.Super. 327, 491 A.2d 733, 736 (App.Div.1984) (" 'Attempted felony murder' is a self-contradiction, for one does not 'attempt' an unintended result."); *State v. Price*, 104 N.M. 703, 726 P.2d 857, 860 (Ct.App.1986) ("Thus, the result-oriented nature of the doctrine and the unpopularity of felony murder are among the concerns which persuade us not to recognize the crime of attempted felony murder."); *State v. Kimbrough*, 924 S.W.2d 888 (Tenn. 1996); *Goodson v. Virginia*, 22 Va.App. 61, 467 S.E.2d 848, 853–56 (1996) ("We join the majority of states and hold that, in order for a felony murder analysis to be applicable, a homicide must occur."); *In re Richey*, 162 Wash.2d 865, 175 P.3d 585, 587 (2008). *But see White v. State*, 266 Ark. 499, 585 S.W.2d 952 (1979) (finding that attempted felony murder is a cognizable offense in Arkansas).

¶ 15 For these reasons, we hold that attempted felony murder is not a cognizable offense in Arizona, and it is reversible error to convict a defendant of attempted felony murder pursuant to A.R.S. §§ 13–1105(A)(2), –1001. *See State v. Rutledge*, 197 Ariz. 389, 392, 4 P.3d 444, 447 (App.2000) ("[W]e believe that instructing the jury on a non-existent theory of liability would constitute fundamental or structural error, which we would address on appeal despite defendant's failure to raise the issue below.").

¶ 16 Our decision does not, of course, alter the traditional application of the felony-murder doctrine under A.R.S. § 13–1105(A)(2). We merely decline to extend the doctrine beyond its logical underpinnings and the plain language of its statutory design. Additionally, when there is an intent to murder in the course of any of the felonies expressly listed in § 13–1105(A)(2) but no death occurs, attempted murder may still be charged in accordance with § 13–1105(A)(1) or § 13–1104(A)(1) (Supp.2007).

## CONCLUSION

¶ 17 We reverse Moore's conviction on count 2, attempted first-degree felony murder, and vacate his sentence on that count. We affirm his conviction and sentence on count 1, first-degree felony murder.

CONCURRING: ANN A. SCOTT TIMMER and SHELDON H. WEISBERG, Judges.