IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

DEC 22 2010

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,                )
                                     )
                    Respondent,      )      2 CA-CR 2010-0247-PR
                                     )      DEPARTMENT B
            v.                       )
                                     )      O P I N I O N
BIANCA R. BURGETT,                   )
                                     )
                    Petitioner.      )
                                     )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR200900080

Honorable James L. Conlogue, Judge

REVIEW GRANTED; RELIEF DENIED

Edward G. Rheinheimer, Cochise County Attorney
  By Faisal H. Ullah                                          Bisbee
                                                Attorneys for Respondent


Mark A. Suagee, Cochise County Public Defender
  By Mark A. Suagee                                           Bisbee
                                                Attorneys for Petitioner

V Á S Q U E Z, Presiding Judge.

**¶1** Pursuant to a plea agreement, petitioner Bianca Burgett was convicted of aggravated assault. The trial court sentenced her to an aggravated prison term of fifteen years, finding as aggravating circumstances the emotional harm suffered by the victim and the fact that the offense had been committed in front of her children. Burgett sought post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P., challenging the court's reliance on the presence of children as an aggravating circumstance and claiming the court erred in admitting hearsay at the aggravation/mitigation hearing. The court dismissed her petition, and this petition for review followed. Unless we find the court abused its discretion, we will not disturb its ruling. *State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). An abuse of discretion includes an error of law. *State v. Rubiano*, 214 Ariz. 184, ¶ 5, 150 P.3d 271, 272 (App. 2007). We find no abuse of discretion here.

**¶2** As part of her plea agreement, Burgett waived any rights she might have pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). She agreed that the trial court could find any fact relevant to sentencing by a preponderance of the evidence and that, in determining the existence of any such facts, the court was not bound by the rules of evidence. Based on the record before us, which includes the change-of-plea hearing and the aggravation/mitigation hearing, the relevant facts are as follows: The victim and Burgett had two children together during their long-term relationship. At the time of the offense, the children were living with the victim, and he and Burgett were separated. She was involved with another man, but apparently had an altercation with him and had gone to the victim seeking a place to stay.

**¶3** At some point during the night, Burgett left the room where she had been sleeping with the children, went to the victim's bedroom, and attacked him with a box cutter. Burgett contends, as she did below, that under the circumstances of this case, the offense was not committed in the presence of a child for purposes of A.R.S. § 13-701(D)(18). In denying relief, the trial court found a preponderance of the evidence established the offense had been committed in the presence of the children. That fact, the court found, was established "without consideration of the child's statements." The court also found it was not required to apply principles of statutory construction to determine the meaning of "in the presence of a child" because its conclusion was based on the plain meaning of the statute.

**¶4** When interpreting a statute, "[o]ur goal . . . is to discern and implement the intent of the legislature." *State v. Ontiveros*, 206 Ariz. 539, ¶ 8, 81 P.3d 330, 332 (App. 2003). If the statute's language is clear and unambiguous, it is determinative and we therefore need not employ other methods of statutory construction. *See State v. Hansen*, 215 Ariz. 287, ¶ 7, 160 P.3d 166, 168 (2007). We agree with the trial court that § 13-701(D)(18) clearly applies, and Burgett has not established she is entitled to relief.

**¶5** Even if we assume, without deciding, that Burgett is correct that the term "presence" as used in the statute "includes an element of immediacy, either in space or in time," we find the facts of this case support the trial court's determination that Burgett committed the crime in the children's presence. Although neither child saw the actual attack, the victim's daughter saw Burgett's predicate actions in leaving the room with the box cutter immediately before the attack, she heard the victim's screams, and both

3

children saw the aftermath of Burgett's assault when the bleeding victim immediately ran from his bedroom into the living room. And, at most, the children were separated from the attack by only a few yards. Under these circumstances, the children were "present" during the commission of the offense, as that term is commonly used.

¶6 Moreover, we observe that § 13-701(D)(18) applies only to domestic violence offenses as defined by A.R.S. § 13-3601(A). Thus, by enacting § 13-701(D)(18), the legislature plainly sought to punish more severely those who expose children to domestic violence. Our conclusion here is consistent with that purpose. Burgett's interpretation of the statute would mean a child in the same room who slept through an assault would be present, but a child in another room who was awake and heard the assault through a closed door would not be.[1] We cannot accept such an interpretation. *See Collins v. State*, 166 Ariz. 409, 415, 803 P.2d 130, 136 (App. 1990) ("Statutes must be given a sensible construction which accomplishes the legislative intent behind them and which avoids absurd results.").

¶7 To the extent Burgett suggests the trial court erred in relying on *State v. Carreon*, 210 Ariz. 54, 107 P.3d 900 (2005), to support its interpretation of the statute, we disagree. The aggravating factor our supreme court addressed in that case was not the same, but was instead part of the prior capital sentencing statute: that "during the course of the killing, the defendant knowingly engaged in conduct that created a real and substantial likelihood that a specific person might suffer fatal injuries." *See former*

---

[1]There is no reason to view the statute as requiring the child be in some physical danger in order to be considered present during the commission of an offense.

4

A.R.S. § 13-703(F)(3). Although the court stated that the children in that case, who were in another room, were not within the zone of danger, the shots having been fired in the direction that was opposite their room, the court noted that the children "were present during the attack on their mother." 210 Ariz. 54, ¶ 64, 107 P.3d at 913. Thus, we agree with the trial court that *Carreon* supports the proposition that children need not be in the same room as an incident to be considered "present" for the purposes of the statute we address here.

**¶8** Nor has Burgett established the trial court abused its discretion when it considered hearsay evidence at the aggravation/mitigation hearing. First, as the state points out, Burgett agreed the rules of evidence would not apply to the court's determination of sentencing factors. And, second, the court found the fact that the children were present had been established in any event, without regard to hearsay statements.

**¶9** The petition for review is granted and relief is denied.

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

5