NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DUSTIN TUTTLE, *Petitioner*.

No. 1 CA-CR 21-0178 PRPC

FILED 11-8-2022

Petition for Review from the Superior Court in Maricopa County
No.  CR2015-154909-001
The Honorable Bradley H. Astrowsky, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Dustin Tuttle, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

---

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

**¶1**		Dustin Robert Tuttle petitions this court to review the summary dismissal of his successive notice for post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure 33.1.[1]  The superior court dismissed Tuttle's second notice as untimely, explaining it had dismissed Tuttle's first PCR over a year prior.

**¶2**		"We review the court's summary denial of post-conviction relief for an abuse of discretion." *State v. Martinez*, 226 Ariz. 464, 466, ¶ 6 (App. 2011).  "A defendant may raise a claim of ineffective assistance of Rule 33 counsel in a successive Rule 33 proceeding if the defendant files a notice no later than 30 days after the trial court's final order in the first post-conviction proceeding, *or, if the defendant seeks appellate review of that order, no later than 30 days after the appellate court issues its mandate in that proceeding*." Ariz. R. Crim. P. 33.4(b)(3)(C) (emphasis added); *see also State v. Pruett*, 185 Ariz. 128, 131 (App. 1995) ("[A] second notice of post-conviction relief for a claim of ineffectiveness of previous Rule 32 counsel is timely if filed within 30 days of the order and mandate affirming the trial court's denial of the petitioner's first petition for post-conviction relief.").

**¶3**		We agree with Tuttle that the superior court erred by dismissing his second PCR notice on timeliness grounds.  This court's mandate denying Tuttle relief in his first PCR proceeding was issued on April 7, 2021.  *State v. Tuttle*, 2 CA-CR 2020-0185-PR, 2020 WL 6488096 (Ariz.

---

[1]		Effective January 1, 2020, the Arizona Supreme Court amended the post-conviction relief rules.  The rules relating to defendants who plead guilty are now codified in Rule 33.  The amended rules apply to all cases pending on the effective date unless a court determines that "applying the rule or amendment would be infeasible or work an injustice."  Ariz. Sup. Ct. Order R-19-0012 (Aug. 29, 2019).  Because there were no substantive changes to the respective rules related to this opinion, we apply and cite the current rules.

App. Nov. 3, 2020) (mem. decision). Tuttle therefore had until May 7, 2021 to file his second PCR notice challenging the effectiveness of counsel in his first PCR proceeding, and he did so on December 2, 2020. Accordingly, Tuttle timely—if prematurely—filed his second PCR notice, and the superior court abused its discretion in concluding otherwise. *See State v. Burgett*, 226 Ariz. 85, 86, ¶ 1 (App. 2010).

**¶4** We grant relief and remand to the superior court for further proceedings consistent with this decision. We take no position as to the merits of the IAC claim Tuttle referenced in his notice.



AMY M. WOOD • Clerk of the Court
FILED: AA