NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FINDLEY J. STUTLER, *Petitioner*.

No. 1 CA-CR 25-0509 PRPC
FILED 5-19-2026

Petition for Review from the Superior Court in Yavapai County
No. P1300CR13426
The Honorable Krista M. Carman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Casi Marie Harris
*Counsel for Respondent*

C. Kenneth Ray II, P.L.L.C., Prescott
By C. Kenneth Ray II
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass, Judge Anni Hill Foster, and Judge D. Andrew Gaona delivered the decision of the court.

---

**PER CURIAM**:

¶1            Findley J. Stutler seeks review of the superior court's order dismissing his petition for post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure ("Rule") 33. We grant review but deny relief for the reasons below.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2            In 1988, the State charged Stutler with first-degree burglary (Count 1), sexual assault (Count 2), kidnapping (Count 3), arson of an occupied structure (Count 4), aggravated assault (Count 5), armed robbery (Count 6), attempted felony murder (Count 7), and attempted first-degree murder (Count 8). Stutler pled guilty to Counts 1, 2, 4, and 8 under *North Carolina v. Alford*, 400 U.S. 25 (1970). The State dismissed the remaining counts.

¶3            The superior court imposed the following prison terms: eighteen years for Count 1, fourteen calendar years for Count 2, twenty-one years for Count 4, and twenty-one years for Count 8. The court ordered the sentences for Counts 4 and 8 to run concurrently with each other and consecutively to the sentences for Counts 1 and 2. The court awarded Stutler 349 days of presentence incarceration credit for Counts 4 and 8. We affirmed Stutler's convictions and sentences on appeal. *State v. Stutler*, 1 CA-CR 89-774 (Ariz. App. Jan. 23, 1990) (mem. decision). In 1991, Stutler unsuccessfully sought post-conviction relief. *State v. Stutler*, 1 CA-CR 91-1643 (Ariz. App. July 28, 1992) (mem. decision).

¶4            In 2024, Stutler filed a self-represented PCR, alleging he will remain in custody after his sentence expires. Ariz. R. Crim. P. 33.1(d). He asserted the Arizona Department of Corrections, Rehabilitation & Reentry classified his sentence as "flat time" and failed to apply his presentence incarceration credit. He also argued the court should accept his notice as

timely because "the claim was unknown to [him] until now." The superior court accepted the notice as timely and appointed counsel.

¶5        Appointed counsel supplemented Stutler's petition, alleging structural or fundamental error in the attempted first-degree murder conviction. Counsel argued the factual basis the State presented at the change-of-plea hearing did not establish attempted first-degree murder but described a non-existent offense: attempted felony murder. To support this claim, counsel also highlighted a colloquy between the presiding judge and State about the factual basis for the plea, which counsel said confirmed that the factual basis for attempted murder described only attempted felony murder.

¶6        During Stutler's change-of-plea hearing, the State presented the following factual basis: Stutler struck the victim with his fists, forced her to have oral sex with him, attempted to suffocate her by placing blankets over her head, tied her up with nylons, sprinkled a liquid accelerant on her, and ignited them. The superior court then asked the State: "[Y]ou have set forth, I believe, a factual basis for . . . attempted first-degree murder under the felony-murder rule . . . is that correct?" The State agreed.

¶7        The superior court found a colorable claim about the attempted murder conviction's factual basis, ordered additional briefing, and set the matter for oral argument. After oral argument, the court denied Stutler's petition. The court rejected his Rule 33.1(d) claim, finding Stutler failed to present a colorable claim that he is serving an illegal sentence beyond its expiration. The court found Stutler's claim about attempted felony murder untimely, noting he did not adequately explain why he failed to raise it earlier, as attempted felony murder was not a cognizable offense before his sentencing. The court also rejected Stutler's claim on its merits, finding Stutler pled guilty to attempted first-degree murder under the plea agreement, the factual basis supported that conviction, and the superior court's question during the plea colloquy did not alter the nature of the offense to which he pled guilty.

¶8        Stutler then timely petitioned for review of the superior court's ruling under A.R.S. § 13-4239(C) and Rule 33.16.

## DISCUSSION

¶9        We review the superior court's ruling on a petition for post-conviction relief for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407 ¶ 6 (2021). We will

affirm the court's ruling "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508 ¶ 7 (2015).

**¶10**            Stutler contends the superior court erred in finding his attempted murder claim untimely and meritless.[1] He argues that the State's proffered factual basis described attempted *felony* murder and could not support his attempted first-degree murder conviction. This error, he says, was structural, and that (1) the court lacked subject matter jurisdiction and (2) questions about subject matter jurisdiction can be raised at any time.

**¶11**            We agree with the superior court that Stutler's PCR was untimely. Contrary to Stutler's contentions,[2] subject-matter-jurisdiction claims raised under Rule 33.1(b) are not exempt from Rule 33's timeliness requirements. A defendant making a Rule 33.1(b) claim in an untimely or successive proceeding "must explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner." Ariz. R. Crim. P. 33.2(b)(1). Otherwise, the claim is subject to summary dismissal. *Id.* Although Stutler's 2024 petition explained why he recently discovered his illegal-sentence claim, his supplemental briefing raised the subject-matter-jurisdiction issue for the first time without explaining why he waited more than 30 years after his first post-conviction proceeding to do so. Notably, Stutler filed his first petition two years after Arizona courts recognized that attempted felony murder is not a cognizable offense and did not raise the issue then.

**¶12**            Even assuming Stutler timely raised his claim, he is not entitled to relief. "Before entering judgment on a guilty plea, the trial court must determine whether a factual basis exists for each element of the crime to which [the] defendant pleads." *State v. Salinas*, 181 Ariz. 104, 106 (1994); *see also* Ariz. R. Crim. P. 17.3(b). "A factual basis can be established by 'strong evidence' of guilt and does not require a finding of guilt beyond a reasonable doubt." *Salinas*, 181 Ariz. at 106 (citation omitted). "A factual basis is required for the purpose of shielding the innocent from conviction, rather than to provide a back-door for defendants to obviate finality by

---

[1]        Stutler also asks us to review the superior court's dismissal of his Rule 33.1(d) claim. But Stutler does not develop any meaningful argument in support of his claim and thus waived it. *State v. Stefanovich*, 232 Ariz. 154, 158 ¶ 16 (App. 2013) (insufficient argument waives claim).

[2]        Stutler relies in part on Rule 16.1(b) to explain why subject matter jurisdiction may be raised at any time. Although Rule 16.1(b) states "lack of jurisdiction may be raised at any time," it governs pretrial proceedings, not post-conviction relief proceedings under Rule 33. Ariz. R. Crim. P. 16.1(b).

challenging their guilty pleas." *State v. Johnson*, 181 Ariz. 346, 349 (App. 1995).

**¶13**        "[A]ttempted felony murder is not a cognizable offense in Arizona, and it is reversible error to convict a defendant of attempted felony murder." *State v. Moore*, 218 Ariz. 534, 535–37 ¶¶ 6–15 (App. 2008). Felony murder does not require an intent to kill; instead, its "mens rea requirement . . . 'is supplied by the culpable mental state required for the underlying felony.'" *Id.* at 535 ¶ 8 (citation omitted). First-degree murder requires that the defendant intended or knew his conduct would cause death and acted with premeditation. A.R.S. § 13-1105(A)(1). And the attempt statute requires a defendant to act with the intent to bring about a particular criminal result. A.R.S. § 13-1001.

**¶14**        Stutler was originally charged with both attempted first-degree murder and attempted felony murder. He entered an *Alford* plea to attempted first-degree murder, and the State dismissed the attempted felony-murder count. The factual basis shows Stutler intended to kill the victim first by attempting to suffocate her, and when that failed, by tying her up, pouring accelerant on her, and setting her on fire. Though the superior court's question during the change-of-plea hearing suggests some misunderstanding, the record shows Stutler pled guilty only to attempted first-degree murder as identified in the written plea agreement and acknowledged during the plea colloquy (while the State dismissed the attempted felony-murder charge). The State's factual recitation supported the elements of attempted first-degree murder.

**¶15**        The superior court did not err in dismissing Stutler's PCR.

## CONCLUSION

**¶16**        We grant review and deny relief.

